DEVELOPMENT BANK OF AMERICAN SAMOA and AMERIKA SAMOA BANK, Plaintiffs

v.

RON PRITCHARD and JETTE PRITCHARD, Defendants

High Court of American Samoa
Trial Division

CA No. 118-87

December 15, 1987

Before REES, Chief Justice, TAUANU'U, Chief Associate Judge, and, AFUOLA, Associate Judge.

Counsel: For the Development Bank, Robert Dennison
For the Amerika Samoa Bank, William Reardon
For Ron Pritchard, Talalelei A. Tulafono
For Jette Pritchard, Roy J.D. Hall, Jr.

This action came for trial on December 11, 1987. We find the facts to be as follows:

(1) On August 1, 1984, the Amerika Samoa Bank lent $275,000 to Samoa Air, Inc., a corporation whose President was defendant Ron Pritchard and whose Secretary was Jette Pritchard.

(2) Also on August 1, 1984, each of the defendants signed a "continuing guaranty" form agreeing to be personally liable for the $275,000 debt incurred by the corporation.

(3) The above debt was also secured by a "loan guarantee" executed by plaintiff Development Bank of American Samoa on June 20, 1984.

(4) On February 25, 1985, both of the defendants signed another "continuing guaranty" form agreeing to be personally liable to the Amerika Samoa Bank for indebtedness in the amount of $475,000. This form provided that the indebtedness for which the Pritchards agreed to be liable was "any and all indebtedness of _____ (hereinafter called Borrowers) to Bank." The blank line designating the identity of "Borrowers" was not filled in.

126

(5) On February 26, 1985, the day after the defendants signed the second guaranty form, the Amerika Samoa Bank lent $200,000 to Pritchard Ground Services Inc., a corporation of which Ron Pritchard was President and Jette Pritchard Vice President.

(6) It is clear from all the evidence that the parties intended the February 25 guaranty in the amount of $475,000 to secure the preexisting $275,000 debt to Samoa Air and the $200,000 that was lent to Pritchard Ground Services the next day.

(7) On or about July 16, 1985, Samoa Air, Inc., declared bankruptcy in Hawaii.

(8) No payments have been made on the $275,000 loan from Amerika Samoa Bank to Samoa Air.

(9) The amount of the Samoa Air indebtedness was, however, reduced by the value of some shares in the Amerika Samoa Bank owned by defendant Ron Pritchard which he had given to the Development Bank in partial consideration for its guarantee of the Samoa Air loan. After default had occurred on the loan, these shares were sold and the proceeds applied to reduce the Samoa Air indebtedness.

(10) At some point subsequent to the events giving rise to the Samoa Air indebtedness, the Development Bank gave the Amerika Samoa Bank a $300,000 certificate of deposit to secure the indebtedness. Amerika Samoa Bank later cancelled this certificate of deposit and "wrote off" the Samoa Air debt on its books. According to the usual practices of the Amerika Samoa Bank such a "write-off" can occur if the debt is paid by the debtor or by a guarantor, if the debt is deemed uncollectible, and perhaps in other circumstances. The Development Bank objected to the cancellation of the certificate of deposit. Although Amerika Samoa Bank seems to have treated the transaction as one in which the guarantor (the Development Bank) had paid off the loan, there was no formal transfer of the loan documents from the Amerika Samoa Bank to the Development Bank.

(11) The best evidence is that the amount remaining due on the Samoa Air loan after credit for the value of the stock shares is $292,783.01.

On the basis of these facts we conclude:

(1) The February 25 guaranty was valid and secured the $275,000 indebtedness of Samoa Air as well as the $200,000 indebtedness of Pritchard Ground Services. Where a writing purporting to embody a contract omits an essential term but it is clear from all the circumstances that the writing did not embody the whole agreement of the parties and that the parties intended to confect a binding contract, a court may look to the surrounding circumstances (including but not limited to other documents signed by the parties) to determine the parties' intentions with regard to the missing term. The cases cited by counsel for defendant Jette Pritchard to the contrary are inapposite. One case involves a Louisiana statute requiring contracts of guaranty to be in writing. American Samoa has no such statute. In the other two cases, far from declining to consider extrinsic evidence in order to construe an incomplete guaranty form, the court did consider such evidence and concluded either that the parties intended no contract or that they intended a different contract from that suggested by the incomplete form. In this case it is inconceivable that the Pritchards did not understand the "Borrowers" referred to in the $475,000 guaranty form to be the two Pritchard-controlled companies, one of which had recently borrowed $275,000 and the other of which borrowed $200,000 the next day.

(2) Contrary to the arguments of defendants' counsel at trial, it is immaterial that Amerika Samoa Bank wrote the loan off on its books and did so without any formal transfer of the documents to the Development Bank. Assuming that Amerika Samoa Bank was within its rights in appropriating the certificate of deposit left with it by the Development Bank as security for the loan, the Development Bank was then subrogated to the rights of the Amerika Samoa Bank against the Pritchards. If, on the other hand, Amerika Samoa Bank had no legal right to appropriate the certificate, then it owes the Development Bank over $300,000 and has therefore not been made whole with respect to the Samoa Air indebtedness. In either case the defendants are liable to one of the plaintiffs for all amounts still due on the loan.

(3) The numerous other defenses raised in the defendants' answers were waived when evidence and

128

arguments to support them were not offered at trial.

(4) Judgment should therefore be entered holding the defendants jointly and severally liable to the. plaintiffs for $292,783.01 in principal and interest up to August 25, 1987; interest at the contractual rate of 12.5% from August 25, 1987, until the date of judgment; post-judgment interest at the contractual rate of 12.5%; court costs; and actual attorney fees to be proved by affidavit.

It is so ordered.